UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KELLY GRENNAN, for herself
and on behalf of those similarly situated,

    Plaintiff,

v.

ON THE HALF SHELL, INC.
a/k/a AQUA GRILL,

    Defendant.
_____/

JURY DEMAND

CASE NO.: 3:17-cv-659-J-32PDB

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KELLY GRENNAN ("Plaintiff"), for herself and on behalf of those similarly situated, through undersigned counsel, files this Complaint against Defendant, ON THE HALF SHELL, INC. a/k/a AQUA GRILL, ("Defendant") and states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction in this Court is proper as this is a claim for Unpaid Wages under the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq.) ("FLSA") to obtain a judgment against Defendant as to liability, recover unpaid back wages, an additional equal amount in liquidated damages, and to recover reasonable attorneys' fees and costs.

2. The Court's jurisdiction over this controversy is based upon 29 U.S.C. §216(b).

3. Venue is proper in this Court because Plaintiff resides within the District, Defendant maintains business operations within the District, and Plaintiff's claims accrued in this District.

## INTRODUCTION

4. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. §206 and §207.

5. The Defendant in this case violated the FLSA by failing to pay Plaintiff and other similarly-situated servers/bartenders the proper minimum wage and overtime compensation for all hours worked.

6. This action is intended to include each and every hourly-paid server/bartender who worked for Defendant at any time within the past three (3) years.

7. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331 as these claims arise under 29 U.S.C. §216(b).

## PARTIES

8. At all times material to this action, Plaintiff was, and continues to be, a resident of Duval County, Florida.

9. At all times material to this action, Defendant was, and continues to be, a Florida Profit Corporation. Further, at all times material to this action, Defendant was, and continues to be, engaged in business in Florida, doing business in St. Johns' County, Florida.

10. At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

11. At all times material to this action, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

12. Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

13. At all times material to this action, Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

14. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

15. At all times material to this action, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce such as cash registers, telephones, plates, cups, liquor, knives, chairs, and tables, manufactured outside of the State of Florida, and which were used directly in furtherance of Defendant's commercial activity of running a restaurant.

16. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

17. On or about February 15, 2016, Defendant hired Plaintiff to work as a non-exempt server/bartender for Defendant's company, a restaurant, at its location in Jacksonville, Florida. Plaintiff was employed by Defendant in this position until December 3, 2016.

18. Plaintiff's job duties included, but were not limited to, serving food and drinks to customers.

19. During Plaintiff's employment, she and other servers were subject to several unlawful pay practices which resulted in a failure to pay minimum wage and overtime payments in accordance with the law, including but not limited to:

a. Plaintiff and other servers were required to participate in a mandatory tip pool which was unlawfully shared with non-tipped employees;

b. Plaintiff and other servers were required to share with management a portion of the gratuity received on parties of eight or more;

c. Plaintiff and other servers were not provided with proper notice of Defendant's intent to claim the tip credit or regarding requirements for the tip pool, as required by 29 U.S.C. §203(m);

d. Plaintiff and other servers were required to clock out for breaks of less than 20 minutes, and were not paid for this time;

e. Plaintiff and other servers were not paid for all hours logged in Defendant's time-keeping system, including overtime hours, because Defendant, through managers, deleted hours logged into the timekeeping system;

f. Plaintiff and other servers, two times per week, were clocked out by management prior to the end of their shifts so that managers could run server reports, resulting in off-the-clock work;

g. Plaintiff and other servers were required to attend one or more meetings for which they were not permitted to clock in, and for which they were not paid; and

h. Plaintiff and other servers spent over 20% of their time doing non-tipped work, including tasks for opening, closing, cleaning, side work, and training new employees, for which they were paid only the tipped minimum wage.

20. Defendant paid Plaintiff the tipped minimum wage rather than the regular minimum wage for all hours worked after her initial two weeks which included training time.

21. Furthermore, for all of her hours after her initial training period, Plaintiff was paid pursuant to the FLSA "tip credit" method per hour in exchange for work performed.

22. Defendant did not permit Plaintiff to retain all of her tips. Instead, Defendant required Plaintiff to contribute tips to a "tip share" or "tip pool."

23. Defendant failed to pay such retained tips to employees eligible to receive such tips.

24. To the extent such tips were redistributed to other employees, they were distributed to non-tipped employees, including managers who were ineligible to receive same, or re-directed to the restaurant itself.

25. By virtue of Defendant's retention of a portion of its bartender/server employees' tips, and re-distributing same to individuals not eligible to receive tips, Defendant was rendered ineligible to claim the tip credit. Rather, Defendant was/is required to pay Plaintiff and those similarly situated to Plaintiff the full, regular minimum wage.

26. Under the FLSA, an employer who fails to provide information required by section 203(m), regarding the tip-credit and use of tip pools, cannot use the tip credit provisions and therefore must pay the tipped employee at least the minimum wage, and allow the tipped employee to keep all tips received.

27. Defendant did not provide its servers/bartenders the notice required by Section 203(m) of the FLSA.

28. For this reason, as well, Defendant was rendered ineligible to claim the tip credit.

29. Despite its improper retention/distribution of bartenders/servers' tips, and failure to provide the notice required by Section 203(m), Defendant failed to pay

Plaintiff and the other tipped employees similarly situated to Plaintiff at least regular minimum wage, as required by the FLSA.

30. Defendant purported to pay Plaintiff the tipped minimum wage, despite the fact that Defendant was not entitled to do so.

31. Plaintiff and those similarly situated did not earn at least the statutory minimum wage for all hours worked during one or more workweeks, due at least to the policies and practices described in Paragraph 19, above.

32. Plaintiff and those similarly situated were/are entitled to at least the Federal minimum wage pursuant to §206(a) of the FLSA.

33. Plaintiff and those similarly situated were/are entitled to the Florida minimum wage pursuant to §29 C.F.R §778.5.

34. Defendant's common pay policies and/or pay practices, as described in Paragraph 19, above, violate the FLSA tip credit and standard minimum wage provisions and resulted in the failure to pay certain hourly employees at least the statutory minimum wage for all hours worked.

35. Because Defendant's taking of the tip credit without proper notice, and tip-pooling practice and policy was unlawful, Defendant is not permitted to claim the tip credit, and must pay the tip credit taken, as well as all tips collected for the unlawful tip pool, to Plaintiff and those similarly situated opt-in Plaintiffs who join this action by filing a consent to join.

36. In various workweeks in the three years preceding the filing of the Complaint in this matter, Plaintiff and other servers worked for Defendant in excess of forty (40) hours within a workweek.

37. Due to the policies and practices described in Paragraph 19, above, during the three years preceding the filing of the Complaint in this matter, Defendant failed to compensate Plaintiff and those similarly situated to Plaintiff at a rate of one and one-half Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours in a single workweek.

38. Plaintiff and other servers who worked for Defendant in the three years prior to the commencement of this lawsuit should be compensated at the rate of one and one-half Plaintiff's regular rate of pay for those hours that Plaintiff and those similarly situated to Plaintiff worked in excess of forty (40) hours per workweek, as required by the FLSA.

39. Defendant has violated Title 29 U.S.C. §206 during the three years preceding the filing of the Complaint in this matter, in that:

 a. Defendant has failed to pay Plaintiff and other servers proper minimum wage for all of their hours worked for Defendant as required by the FLSA due to the policies and practices described in Paragraph 19, above;

 b. Plaintiff and other servers were required to unlawfully pool their tips with non-tipped individuals, while Defendant nonetheless took a "tip credit" deduction from Plaintiff's minimum wage;

 c. No payments, or insufficient payments and/or provisions for payment, have been made by Defendant to properly compensate Plaintiff and those similarly situated to Plaintiff at a rate equal to the minimum wage, for all hours worked, because Defendant's

illegal tip-pool made them ineligible to claim the tip-credit taken or to retain employee tips paid into the tip pool;

d. Defendant failed to provide Plaintiff and those similarly situated with the statutorily required notice under 29 U.S.C. §203(m); and

e. Upon information and belief, Defendant has failed to maintain proper time records as mandated by the FLSA.

40. Defendant has violated Title 29 U.S.C. §207 during the three years preceding the filing of the Complaint in this matter, in that:

a. Plaintiff and one or more of those similarly situated to Plaintiff worked in excess of forty (40) hours per workweek during their employment with Defendant;

b. No payments, or insufficient payments and/or provisions for payment, have been made by Defendant to properly compensate Plaintiff and those similarly situated to Plaintiff at the statutory rate of one and one-half Plaintiff's regular rate for all hours worked in excess of forty (40) hours per workweek as provided by the FLSA; and

c. Upon information and belief, Defendant has failed to maintain proper time records as mandated by the FLSA.

41. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper minimum wage and overtime compensation with respect to Plaintiff and those similarly situated, as Defendant knew or should have known that Plaintiff and other servers should be paid for all of their hours

worked, that overtime should be recorded and paid at an overtime rate, that all hours worked should be recorded, and that Defendant was not eligible to claim a tip credit.

42. Upon information and belief, Defendant did not rely upon the advice of counsel in creating the pay structures of Plaintiff and those similarly situated.

43. Defendant failed and/or refused to properly disclose or apprise Plaintiff of her rights under the FLSA.

44. The additional persons who may join this action are other servers who worked for Defendant in the three years preceding this Complaint, who were also not paid for overtime hours, and/or were not paid appropriate minimum wages and/or overtime compensation due to Defendant's policies and practices as described above.

## COLLECTIVE ACTION ALLEGATIONS

45. Plaintiff and the class members were all "servers" and performed the same or similar job duties as one another in that they provided food and beverage services to Defendant's patrons.

46. Plaintiff and the class members were subjected to the same pay provisions in that they were all paid pursuant to the "tip credit" provisions of the FLSA and were not compensated at least the proper minimum wage and overtime for all hours worked as a result of Defendant's common policies and practices, including but not limited to:

    a. Plaintiff and other servers were required to participate in a mandatory tip pool which was unlawfully shared with non-tipped employees;

    b. Plaintiff and other servers were required to share with management a portion of the gratuity received on parties of eight or more;

c. Plaintiff and other servers were not provided with proper notice of Defendant's intent to claim the tip credit or regarding requirements for the tip pool, as required by 29 U.S.C. §203(m);

d. Plaintiff and other servers were required to clock out for breaks of less than 20 minutes, and were not paid for this time;

e. Plaintiff and other servers were not paid for all hours logged in Defendant's time-keeping system, including overtime hours, because Defendant, through managers, deleted hours logged into the timekeeping system;

f. Plaintiff and other servers, two times per week, were clocked out by management prior to the end of their shifts so that managers could run server reports, resulting in off-the-clock work;

g. Plaintiff and other servers were required to attend one or more meetings for which they were not permitted to clock in, and for which they were not paid; and

h. Plaintiff and other servers spent over 20% of their time doing non-tipped work, including tasks for opening, closing, cleaning, side work, and training new employees, for which they were paid only the tipped minimum wage.

47. Defendant's uniform method of payment to Plaintiff and the class members resulted in a violation of the FLSA tip credit provisions and a failure to pay Plaintiff and the class members the required minimum wages and overtime due under the FLSA.

48. These policies and practices were applicable to Plaintiff and the putative class members.

49. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit, as all servers were subject to same.

50. Rather, the same policies and practices which resulted in the non-payment of minimum and overtime wages to Plaintiff applied to all class members.

51. Accordingly, the class members are properly defined as:

> All "servers" who worked for Defendant within the three years preceding the filing of the Complaint in this matter, who were subject to Aqua Grill's policies and practices pursuant to which servers: (a) were required to participate in a mandatory tip pool which was unlawfully shared with non-tipped employees; (b) were not provided with proper notice of Defendant's intent to claim the tip credit or regarding requirements for the tip pool, as required by 29 U.S.C. §203(m); (c) were not paid for all hours worked; (d) were paid the tipped minimum wage for non-tipped work, where 20% or more of the work in that workweek was non-tipped work, and/or (e) were not paid all owed overtime compensation under the FLSA.

52. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay minimum and full overtime wages with respect to Plaintiff and the class members.

## COUNT I
## RECOVERY OF MINIMUM WAGES

53. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-52 above.

54. Plaintiff, and those similarly situated, were/are entitled to be paid the applicable minimum wage for each workweek worked during their employment with Defendant.

55. Defendant failed to pay Plaintiff, and those similarly situated, the applicable minimum wage for each workweek worked for Defendant.

56. Defendant failed to provide proper notice of Defendant's intent to claim the tip credit or regarding requirements for the tip pool, as required by 29 U.S.C. §203(m).

57. Defendant required its server and bartender employees to share tips as part of an invalid tip pool arrangement, in violation of the FLSA tip credit provision.

58. Because of these policies, as well as the other policies described in Paragraph 19, above, Defendant violated the FLSA's tip-credit provisions and the FLSA's provision on minimum wages (29 U.S.C. §206) in that Plaintiff, and those similarly situated, have not been paid the full minimum wage for each hour worked during their employment.

59. Defendant had specific knowledge that it was paying sub-minimum wages to Plaintiff and other servers, but still failed to pay Plaintiff and other servers at least minimum wages.

60. Defendant willfully failed to pay Plaintiff and other servers the applicable minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206, as it knew or reasonably should have known that it was not eligible to claim the tip credit, that it was not recording all hours worked, that it was unlawful to pay significant non-tipped work at the tipped minimum wage rate, and that it was sharing tips with persons ineligible to participate in a valid tip pool.

61. Based upon information and belief, Defendant's other servers were not paid proper minimum wage for each hour worked because Defendant claimed the maximum tip credit for Plaintiff and those similarly situated, while requiring them to participate in an unlawful tip pool, failing to record all of their hours, and paying the tipped minimum wage for significant non-tipped work; and because Defendant failed to give required notice of its intention to claim the tip credit, and these policies, practices and plans were applicable to all servers.

62. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages, as well as

contributions to the unlawful tip pool, for one or more weeks of work with Defendant.

63. As a result of these common policies, Plaintiff, and those similarly situated, are entitled to receive the difference between the full statutory minimum wage and the hourly wage actually paid to them, in addition to tips paid into the unlawful tip pool.

64. Defendant knew its conduct violated the FLSA or acted in reckless disregard of the FLSA provisions.

65. Plaintiff, and those similarly situated, are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests: a judgment entered in her favor and against Defendant for actual and liquidated damages; a declaration that Defendant's conduct violated the FLSA; an order certifying this action as a collective action; an Order requiring Notice to issue to the putative class, informing them of their right to join this litigation; as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION

66. Plaintiff realleges and reavers Paragraphs 1 through 52 of the Complaint as if fully set forth herein.

67. In the three years preceding the filing of the Complaint in this action, in one or more workweeks, Plaintiff and other servers worked hours in excess of forty (40) hours for which Plaintiff and other servers were not compensated at the statutory rate of one and one-half the applicable minimum wage.

68. Plaintiff and other servers were, and are entitled to be paid at the statutory rate of one and one-half the applicable minimum wage for all hours worked in excess of

13

forty (40) hours in a workweek.

69. At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

70. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff and other servers at the statutory rate of one and one-half times their lowest lawful rate of pay for all hours in excess of forty (40) hours per workweek when it knew, or should have known, such was, and is due.

71. During the three years preceding the filing of the Complaint in this matter, other servers and bartenders were not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks because Defendant has failed to properly pay Plaintiff proper overtime wages at one and one-half her regular rate of pay for such hours, pursuant to a policies, plans, and practices which were equally applicable to all servers.

72. Defendant has failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

73. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff has suffered and continues to suffer damages and lost compensation for certain hours worked over forty (40) hours in one or more workweeks, plus liquidated damages.

74. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

75. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with

respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for inadequate overtime compensation of such employees at a rate less than time and one half their lowest lawful regular rate of pay for their overtime hours.

WHEREFORE, Plaintiff requests a judgment entered in her favor and against Defendant for actual and liquidated damages; a declaration that Defendant's conduct violated the FLSA; an order certifying this action as a collective action; an Order requiring Notice to issue to the putative class, informing them of their right to join this litigation; as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 7th day of June, 2017.

Respectfully submitted,

/s/ Angeli Murthy

Angeli Murthy, Esquire
FL Bar No.: 088758
MORGAN & MORGAN, P.A.
600 N. Pine Island Road
Suite 400
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-327-3016
E-mail: Amurthy@forthepeople.com

*Trial Counsel for Plaintiff*